PATRICK J. EGAN, RESPONDENT, v. SHEFFIELD FARMS COMPANY, INCORPORATED, APPELLANT.

Submitted May 31, 1930—Decided October 20, 1930.

For the appellant, *Autenreith, Cannon & Wortendyke.*

For the respondent, *Fred W. De Voe.*

The opinion of the court was delivered by

DONGES, J. The plaintiff below recovered a verdict for personal injuries. The defendant below appeals therefrom and urges as ground for reversal that the trial judge erred in his refusal to grant a motion to direct a verdict for the defendant.

The plaintiff's proofs tended to establish that, on August 16th, 1928, he was operating a motor truck for his employer; that the truck was parked alongside of and parallel with a railroad loading platform in the New York Central railroad yards at Weehawken, New Jersey; that plaintiff was standing with his right foot on the loading platform and his left foot in the truck, and was engaged in lifting a large can of cheese from the platform to the truck. The sideboard of the truck was about eight inches from the loading platform, and plaintiff was "straddling" the sideboard. The yard was well lighted. As plaintiff was thus engaged, he felt a jerk and forward movement of the truck, which threw him forward and down into the crevice between the truck and the platform He was extricated from his position by an employe of the railroad company who was assisting him in loading his truck. Plaintiff testified that he felt his truck suddenly move forward, and he looked to see what had caused the movement and observed that defendant's truck, drawn by four horses, had its right front wheel locked in his left rear wheel. He said, "the body of my truck was raised up on an angle. The body was set right on the Sheffield wheel." He testified further that the Sheffield truck was backed away from his truck, and that it was then driven to the left of his truck, through a space approximately thirty feet wide, and on out of the yard. Plaintiff's truck had front and rear lights burning. De-

fendant below offered no testimony on the question of negligence.

The appellant urges that the trial court should have directed a verdict in its favor because there was no evidence from which negligence might be inferred. We think the trial judge committed no error. When a truck, standing where it had a right to be, under circumstances that were usual and not suggestive of careless operation, is run into by another truck in the rear, a question is presented for the determination of a jury as to whether or not such operation is negligent.

Likewise, the question of the negligence of the plaintiff in the circumstances was for the jury.

Finding no error, the judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, WELLS, JJ. 15.

*For reversal*—None.